IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1)    ROBERT FEEZOR,

Plaintiff,

v.

(1)    HARBOR FREIGHT TOOLS USA, INC., a Delaware Corporation;

(2)    HARBOR FREIGHT TOOLS USA, INC., d/b/a PITTSBURGH AUTOMOTIVE, a Delaware Corporation;

(3)    JIAXING GOLDEN ROC TOOLS CO., LTD., a Chinese Corporation

Defendants.

Case No.:

## **COMPLAINT**

COME NOW the Plaintiff and for his cause of action against the Defendants, alleges and states as follows: h

1.    That the Plaintiff is a citizen of the State of Oklahoma.

2.    That the Defendant, Harbor Freight Tools USA, Inc., is a domestic corporation organized under the laws of the State of Delaware.

3.    That the Defendant, Harbor Freight Tools USA, Inc., d/b/a Pittsburgh Automotive, is a domestic corporation organized under the laws of the State of Delaware.

4.    That the Defendant, Jiaxing Golden Roc Tools Co., Ltd., is a foreign corporation doing business in the People's Republic of China.

### **JURISDICTION AND VENUE**

Plaintiff incorporates all previous allegations and statements and further alleges the

following:

5.      The incident in question occurred in Cleveland County, Oklahoma.

6.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the parties hereto, jurisdiction over the subject matter hereof, and venue is proper.

**FACTUAL BACKGROUND**

Plaintiff further incorporates all previous allegations and statements and further alleges the following:

7.      That on or about the 15th day of July, 2025, Robert Feezor was injured when a jack stand suddenly collapsed without any user force or manipulation; that once the stand collapsed, the vehicle being upheld by the stands fell and pinned Plaintiff underneath it; that as a direct and proximate result of this incident, Plaintiff has sustained serious bodily injury resulting in permanent disability.

8.      That the jack stand in question was the subject of a recall in cooperation with the National Highway Traffic Safety Administration (NHTSA), due to the ratchet teeth on the jack stand not sufficiently engaging the pawl to a sufficient depth, causing the stand to possibly fail under load.

9.      That the Defendants knew of the recall and gave inadequate notice of the recall to Plaintiff.

10.     Plaintiff further alleges that the jack stand in question was defective in design and manufacture.

11.     Upon information and belief, that the jack stand was either designed by Defendant Jiaxing Golden Roc Tools Co., Ltd., and/or Defendant Harbor Freight Tools USA, Inc., d/b/a Pittsburgh Automotive; that the jack stand was either manufactured by Defendant Jiaxing

Golden Roc Tools Co., Ltd. And/or Defendant Harbor Freight Tools USA, Inc., d/b/a Pittsburgh Automotive.

12.     That the jack stand in question was imported by Harbor Freight Tools USA, Inc., d/b/a Pittsburgh Automotive.

## COUNT I – PRODUCT LIABILITY

Plaintiff reincorporates the allegations set out in paragraphs 1-11 and further alleges as follows:

13.     That the Defendants, and each of them individually, jointly, and/or in combination, were in the business of designing, manufacturing, importing, assembling and/or selling Pittsburgh jack stands, Pittsburgh jack stand components and parts, and more specifically, the jack stand and parts that failed and caused Plaintiff's injuries.

14.     That the jack stand and its parts were supplied by Defendants in a defective condition which rendered the jack stand unreasonably dangerous and further that the defective conditions were a proximate cause of the injuries and damages to the Plaintiff has hereinafter alleged. The jack stand as originally designed was defective in the following way:

   a.  The jack stand did not have a secondary locking mechanism to prevent accidental collapse under loads;

   b.  That the jack stand did not have adequate safety devices designed and built into the jack stand;

   c.  That the jack stand would suddenly collapse under loads without user force or manipulation;

   d.  That the jack stand did not have adequate warnings and/or an adequate warning statement on its parts or packaging;

e.   That the jack stand failed to perform as safely as an ordinary consumer would expect said jack stand to perform when used in an intended or reasonably foreseeable manner;

f.   That the use of the jack stand in this case was being used, at the time of the incident, was a reasonably foreseeable manner and said use involved a substantial danger that would not and was not readily recognized by the ordinary consumer and owner of the jack stand at the time of the incident;

g.   That the jack stand in question was the subject of a National Highway Traffic Safety Administration (NHTSA) recall, due to the ratchet teeth on the jack stand not sufficiently engaging the pawl to a sufficient depth, causing the stand to possibly fail under load, at the time of the incident.

h.   That said defects in said jack stand, acting both singularly or in combination with each other, were a proximate cause of the injuries and damages to Plaintiff.

## COUNT II – FAILURE TO WARN

Plaintiff reincorporates paragraphs 1-13 and further alleges as follows:

15.   That the Defendants failed to give adequate warnings or notice of the defective product and/or recall of said jack stand. That the Defendants should have warned of such accidental collapses as a result of their design and knowledge of other accident collapses.

## COUNT III – NEGLIGENCE

Plaintiff reincorporates paragraphs 1-14 and further alleges as follows:

16.   The Defendants, and each of them individually or in concert, negligently designed, manufactured, marketed, instructed, assembled, and/or distributed the jack stand and/or its component parts which rendered the jack stand unreasonably dangerous. That the Defendants'

negligence individually and/or in concert proximately caused Robert Feezor's injuries which resulted in damages.

## DAMAGES

17. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

18. By virtue of the actions and conduct of Defendants, Plaintiff is seriously injured and is entitled to recover the following damages:

    a.  Medical expenses, past and future;

    b.  Pain, suffering and mental anguish, past and future;

    c.  Physical impairment, past and future;

    d.  Physical disfigurement, past and future;

    e.  Permanent disability; and

    f.  Other damages yet to be determined.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendants in an amount in excess of $75,000.00; for court costs incurred herein; and for such other relief deemed just and proper by this Court.

Respectfully submitted,

/s/ Micky Walsh
Micky Walsh, OBA No. 9327
Derek S. Franseen, OBA No. 30557
WALSH & FRANSEEN, PLLC
200 E. 10th Street Plaza
Edmond, OK 73034-4761
Telephone: (405) 843-7600
Facsimile: (405) 606-7050
mwalsh@walshlawok.com
dfranseen@walshlawok.com
*Attorneys for Plaintiffs*

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED